**WO**                                                                    KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leoncio Alfredo Sharpe, | )    No. CV 05-2541-PHX-JAT (VAM) |
|        Plaintiff, | ) <br> )    **ORDER** |
| vs. | ) <br> ) |
| Lt. Nunez, et al., | ) <br> ) |
|        Defendants. | ) <br> ) |

On August 23, 2005, Plaintiff Leoncio Alfredo Sharpe, presently confined in the Reeves County Detention Center in Pecos, Texas,[1] filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application to Proceed").

**<u>Application to Proceed In Forma Pauperis and Filing Fee</u>**

Plaintiff's request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action.

Plaintiff will not be assessed an initial partial filing fee. However, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect

_____

[1] Plaintiff was incarcerated in the Maricopa County Fourth Avenue Jail at the time he filed the Complaint.

**TERMPSREF**

1  these monthly payments, which will be forwarded to the Clerk of Court each time the amount

2  in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28

3  U.S.C. § 1915(b)(2).

4          Plaintiff should take notice that if he is released before the filing fee is paid in full, he

5  must pay the remaining unpaid amount of the filing fee within one hundred twenty (120)

6  days of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within

7  one hundred twenty (120) days of the date of his release, the action will be dismissed, unless

8  Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing

9  fee.

10  **Statutory Screening and Complaint**

11          The Court is required to screen complaints brought by prisoners seeking relief against

12  a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

13  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

14  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

15  may be granted, or that seek monetary relief from a defendant who is immune from such

16  relief.  28 U.S.C. § 1915A(b)(1), (2). The Court also must dismiss a complaint or portion

17  thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. §

18  1997e(a).

19          **Complaint**

20          Named as Defendants to the Complaint are: 1) Lt. Nunez, Commander of Inmate

21  Legal Services ("ILS"), Maricopa County Jails; 2) Ralph Morgan, Manager, ILS, Maricopa

22  County Jail; 3) Joseph M. Arpaio, Maricopa County Sheriff; 4) Maricopa County Sheriff's

23  Office; 5) Maricopa County Board of Supervisors; 6) Bill Williams, External Referee,

24  Maricopa County Jail; 7) Edward J. Cassidy, External Referee, Maricopa County Jail; 8) Sgt.

25  Grimm, Action Hearing Unit Commander, Maricopa County Jail; 9) B. Kowaski, Jail

26  Commander; 10) D. Culhane, Hearing Unit Commander; 11) St. #136; 12 ) Sgt. #18; 13) Sgt.

27  #305; 14) Captain #A1275; 15) Lt. Hudson, #2501; 16) St. Badge #82; 17) Sgt. Ogar; 18)

28  Sgt. B. Conn, #A1701; 19) Sgt. Keane, #A3164; 20) Sgt. Casey, #A2867; 21) Sgt. #282; 22)

1   Sgt. #04; and 23) Sgt. Durham, #A7461.

2       Plaintiff alleges three grounds for relief in the Complaint: 1) inmates were denied

3   legal materials and writing materials in violation of their right to access to the courts; 2)

4   inmates were subjected to severely overcrowded conditions in the Maricopa County Jails in

5   violation of the Fourteenth Amendment; and 3) inmates' safety was threatened by

6   overcrowded conditions and security policies, in violation of the Fourteenth Amendment.

7   Plaintiff seeks injunctive relief and money damages.

8       Liberally construed, Counts II and III of the Complaint adequately state a claim and

9   the Court will required Defendant Arpaio to file an answer to these claims.

10      **Dismissal of Plaintiffs**

11      Plaintiff purports to bring this action on behalf of himself and the following other

12  inmates: Ernie P. Ortega, Leonard Wagenshults, and Harold Charles Moore. The Court notes

13  that although they are named as plaintiffs in the Complaint, none the three additional

14  plaintiffs has signed the Complaint.

15      Although a non-attorney may appear *in propria persona* in his own behalf, that

16  privilege is personal to him, and he has no right to appear as an attorney for others. Johns v.

17  County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (citing C.E.Pope Equity Trust v.

18  United States, 818 F.2d 696, 697 (9th Cir. 1987)). Accordingly, Plaintiff Sharpe may not

19  represent the other people he names as plaintiffs and the Court will dismiss Plaintiffs Ortega,

20  Wagenshults, and Moore from this action.  These individuals are free to pursue their own

21  claims in separately filed actions.

22      **Improper Defendant**

23      The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the

24  responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See

25  A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office or department is simply an

26  administrative creation of the county sheriff to allow him to carry out his statutory duties, and

27  not a "person" amenable to suit pursuant to § 1983.  Therefore, Defendant Maricopa County

28  Sheriff's Office will be dismissed.

**Failure to Link Defendants to Injuries**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a state supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658;  Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Although Plaintiff has adequately linked Defendant Arpaio to his alleged injuries by alleging Defendant Arpaio is a policymaker for the jails, Plaintiff has failed to link any of the other twenty-two named Defendants to his injuries. Accordingly, these other Defendants will be dismissed from this action.

**Failure to State a Claim**

In Count I, Plaintiff alleges that inmates in the Maricopa County Jails are denied caselaw and adequate writing supplies for legal work, in violation of their right to access the courts.

To establish a claim for denial of access to the courts, a plaintiff must allege that he suffered an "actual injury" as a result of the defendants' actions. See Lewis v. Casey, 518 U.S. 343 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348. To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a

1   nonfrivolous claim that he wished to present. Id. at 352-53.  That nonfrivolous claim must

2   be a direct or collateral attack on the inmate's sentence, or a challenge to the conditions of

3   his confinement. Id. at 355.  "Impairment of any *other* litigating capacity is simply one of the

4   incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.

5   (emphasis in original).

6       This same standard applies to claims for denial of legal materials.  Plaintiff must again

7   show that denial of legal materials resulted in an actual injury with respect to contemplated

8   or  existing  litigation.    Further,  a  prisoner  who  is  represented  by  counsel  "has  no

9   constitutional right of access to legal materials." United States v. Robinson, 913 F.2d 712,

10  717 (9th Cir. 1990).  The state has the option of deciding whether to provide legal assistance

11  or access to a law library.  See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).

12  "Availability of legal assistance at government expense ... is a constitutionally permissible

13  means  of  access."   United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982), cert.

14  denied, 464 U.S. 867 (1983).  When an inmate is provided adequate access, he may not reject

15  the method of access provided and insist on a method of access of his or her choosing.  Id.

16  Accord Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.) (no denial of meaningful access to

17  courts where jail did not provide access to a law library to inmate who was represented by

18  counsel), cert. denied, 488 U.S. 863 (1988).

19      Because Plaintiff has failed to allege an actual injury in Count I, the Court will dismiss

20  Count I for failure to state a claim.

21  **Rule 41 Cautionary Notice**

22      Plaintiff should take notice that if he fails to timely comply with every provision of

23  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

24  41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

25  61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the

26  Court), cert. denied, 506 U.S. 915 (1992).

27      **IT IS THEREFORE ORDERED** as follows:

28      (1) Plaintiff's Application to Proceed In Forma Pauperis, filed with the Complaint, is

1  GRANTED;

2      (2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars

3  ($250.00) for this action.  Plaintiff will not be assessed an initial partial filing fee.  However,

4  Plaintiff will be OBLIGATED for monthly payments of twenty percent (20%) of the

5  preceding month's income credited to Plaintiff's trust account.  These payments will be

6  forwarded by the appropriate agency to the Clerk of the Court each time the amount in

7  Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.C.

8  § 1915(b)(2).  All fees shall be collected and paid in accordance with this Court's Order to

9  the Director of the Arizona Department of Corrections filed concurrently herewith;

10      (3) Plaintiffs Ortega, Wagenshults, and Moore are DISMISSED from this action;

11      (4) Defendants Nunez, Morgan, Maricopa County Sheriff's Office, Maricopa County

12  Board of Supervisors, Williams, Cassidy, Grimm, Kowaski, Culhane, Sgt. #136, Sgt. #18,

13  Sgt. #305, Captain #A1275, Hudson, Lt. Badge #82, Ogar, Conn, Keane, Casey, Sgt. #282,

14  Sgt. #04, and Durham are DISMISSED from this action;

15      (5) Count I is DISMISSED for failure to state a claim;

16      (6)  The Clerk of Court shall send Plaintiff a service packet including the Complaint,

17  this Order, and both summons and request for waiver forms for Defendant Arpaio;

18      (7)  Plaintiff shall complete and return the service packet to the Clerk of Court within

19  twenty (20) days of the date of filing of this Order.  The United States Marshal will not

20  provide service of process if Plaintiff fails to comply with this Order;

21      (8) If Plaintiff does not either obtain a waiver of service of the summons or complete

22  service of the Summons and Complaint on Defendant within one hundred twenty (120) days

23  of the filing of the Complaint or within sixty (60) days of the filing of this Order, whichever

24  is later, the action may be dismissed as to the Defendant not served pursuant to Rule 4(m)

25  of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

26      (9) The United States Marshal shall retain the Summons, a copy of the Complaint, and

27  a copy of this Order for future use;

28      (10)  The United States Marshal shall notify Defendant Arpaio of the commencement

1   of this action and request waiver of service of the summons pursuant to Rule 4(d) of the

2   Federal Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.

3   The Marshal shall file waivers of service of the summons or requests for waivers that were

4   returned as undeliverable as soon as they are received.  If a waiver of service of summons

5   is not returned by a Defendant within thirty (30) days from the date the request for waiver

6   was sent by the Marshal, the Marshal shall:

7           (a)  Personally serve copies of the Summons, Complaint, and this Order upon the

8           Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

9           (b)  Within ten (10) days after personal service is effected, file the return of

10          service for the Defendant, along with evidence of the attempt to secure a waiver of

11          service of the summons and of the costs subsequently incurred in effecting service

12          upon the Defendant.  The costs of service shall be enumerated on the return of service

13          form (USM-285) and shall include the costs incurred by the Marshal for photocopying

14          additional copies of the Summons, Complaint, or this Order and for preparing new

15          process receipt and return forms (USM-285), if required.  Costs of service will be

16          taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the

17          Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

18          (11) **If Defendant agrees to waive service of the Summons and Complaint,**

19  **Defendant shall return the signed waiver forms to the United States Marshal, not the**

20  **Plaintiff;**

21          (12)Defendant Arpaio shall answer the Complaint or otherwise respond by appropriate

22  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

23  Rules of Civil Procedure;

24          (13) Plaintiff shall serve upon Defendant, or if appearance has been entered by

25  counsel, upon counsel, a copy of every further pleading or other document submitted for

26  consideration by the Court.  Plaintiff shall include with the original document and copy, to

27  be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

28  the pleading or document was mailed to Defendant or counsel.  Any paper received by a

District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court;

(14) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(15) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement will result in the pleading or document being stricken without further notice to Plaintiff; and

(16) This matter is referred to Magistrate Judge Virginia A. Mathis pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings

DATED this 14th day of December, 2005.

.

_____
James A. Teilborg
United States District Judge